## FRANCIS ALGER *vs.* CHARLES THOMPSON.

In an action to recover contribution from one who is alleged to be a joint indorser with the
plaintiff of a promissory note, the plaintiff cannot introduce in evidence an extract from
his own books of account, to corroborate his own testimony tending to show that the par-
ties were joint indorsers.

If an incompetent paper which has a bearing upon the issue on trial, and which during the
course of the trial is offered in evidence and ruled out, is sent in to the jury after they have
retired to deliberate on their verdict, with the consent of the party in whose favor the ver-
dict is returned, and without the knowledge of the other party, it is sufficient ground for
a new trial.

CONTRACT to recover contribution from the defendant as joint
indorser with the plaintiff of a promissory note paid by the
plaintiff.

At the trial in the superior court, before *Vose, J.,* a verdict was
returned for the plaintiff; and the defendant presented a bill of
exceptions to the presiding judge, setting forth that the plaintiff
testified that he paid the note; that the defendant indorsed it
jointly with him, for the accommodation of the payee; that
it was given in renewal of a former similar note, being the ninth
of a series of such renewed notes, beginning in 1854; that at each
renewal the plaintiff had received commissions from the maker, a
share of which had been demanded three times by the defend-
ant, but never paid by the plaintiff; and that the plaintiff offered
in evidence his books of account, for the purpose of showing the
amount of commissions so received by him, and also an extract
or memorandum, said to have been made by counsel from the
books, both of which were objected to by the defendant, and
excluded by the court; that the defendant, in reply, testified
that he made no agreement with the plaintiff to be jointly liable

with him on the note, but that he indorsed the same as second indorser, at the plaintiff's request; and that the note had been renewed from twelve to eighteen times, the plaintiff receiving at each renewal a commission, guaranty and bonus; that the plaintiff's counsel argued to the jury that this paper would show the accuracy of the plaintiff and the inaccuracy of the defendant, and that, as there was a direct contradiction between the two, it would tend to substantiate the general accuracy of the plaintiff's testimony; that the judge instructed the jury that, if they found for the plaintiff, one half of the amount received by him for commissions, &c. on the note should be deducted from one half of the amount paid by him and interest, and their verdict should be for the remainder; that, when the jury retired, the plaintiff's counsel endeavored to give to them the paper before mentioned, but the defendant's counsel prevented him from so doing, and that, after they had been out some time, they sent an officer for the paper, and it was sent to them by the judge, in the absence and without the consent or knowledge of the defendant's counsel, the plaintiff's counsel being present and furnishing it for the purpose.

These exceptions were disallowed by the presiding judge, and the defendant presented his petition to this court for leave to establish their truth, and a commissioner was appointed to take the evidence in support of them, and to report the same to the court. The commissioner reported that, after the introduction of testimony, it was agreed by the plaintiff's counsel that the allegations in the bill of exceptions were true.

*E. Bangs,* for the defendant. There was no dispute as to the facts stated in the bill of exceptions. The exceptions were disallowed by reason of the judge's opinion that, in matter of law, the defendant was not entitled to a new trial. But the paper was improperly sent to the jury, with the knowledge and consent of the party in whose favor the verdict was returned, without the consent or knowledge of the defendant's counsel, and after his objection to its admission as evidence; it was read by the jury, and may have influenced them, and their verdict should therefore be set aside. *Whitney* v. *Whitman,* 5 Mass. 405. *Sar-*

*gent* v. *Roberts,* 1 Pick. 337. *Hix* v. *Drury,* 5 Pick. 296. *Sheaff* v. *Gray,* 2 Yeates, 273.

*S. E. Sewall,* for the plaintiff. This is not a case for exceptions, as there was no opinion, ruling, direction or judgment of the court, in matter of law, to be excepted to. Rev. Sts. *c.* 82, § 12. *St.* 1859, *c.* 196, § 27. Gen. Sts. *c.* 115, § 7. *Kinnicutt* v. *Stockwell,* 8 Cush. 73.

Whether the sending of a paper by mistake to a jury shall be sufficient ground for a new trial is a matter for the discretion of the court, under all the circumstances of each particular case. In many such cases new trials have been refused. *Hix* v. *Drury,* 5 Pick. 296. *Lonsdale* v. *Brown,* 4 Wash. C. C. R. 148. *Hackley* v. *Hastie,* 3 Johns. 252. *Tracy* v. *Card,* 22 Ohio, 431. *Peacham* v. *Carter,* 21 Verm. 515.

BIGELOW, C. J.* The only ground on which the counsel for the plaintiff seeks to sustain the verdict in this case is that the act of the court, in allowing the paper to go to the jury, cannot be revised here, having been done in the exercise of a judicial discretion to which no exception lies. But we cannot so regard it. Evidence which had a direct bearing on the issue, and which had been objected to during the trial and rejected as incompetent, was allowed to be submitted to the jury. This was done by the express direction of the judge. There can be no doubt that the admission of such evidence in the course of the trial would have been good ground of exception. It is equally so when, after the trial is over and the jury are deliberating on their verdict, the judge directs it to be laid before them. Its effect on the rights of the parties is the same as if it had been ruled in during the trial; and the mode of admitting it — in the absence of counsel, and when they had no opportunity to comment upon it — was certainly most objectionable.

*Exceptions sustained.*

* HOAR, J. did not sit in this case.